UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARY JEFFERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16989** |
| **JOHN WATERMAN, ET AL** | **SECTION "F" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**.

On January 23, 2017, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by telephone conference call.[2]

### I.      Factual and Procedural Background

####    A.      Complaint

The plaintiff, Gary Jefferson ("Jefferson"), is an inmate housed at the Orleans Justice Center (formerly the Orleans Parish Prison) in New Orleans, Louisiana at the time of the filing of this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983.  Jefferson filed this complaint against Officers John Waterman, Anthony Dupress, and Kevin Battaglia. R. Doc. 1.

Jefferson alleges that on August 7, 2015, about 4:00 a.m. he was approached by Officers Waterman and Dupress. R. Doc. 1, p. 4. He states that during the encounter Officer Waterman used excessive force on him and that Officer Dupress concealed that information. *Id.* Specifically,

---

[1]766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barrientos,* 926 F.2d 480, 482 (5th Cir. 1991).

[2]R. Doc. No. 9. The plaintiff was sworn in prior to testifying.

Jefferson alleges that Officer Waterman tazed him until he was flat on the ground, at which point Officer Waterman straddled Jefferson. *Id.* at p. 5. With his right knee in the center of Jefferson's back, Officer Waterman allegedly placed Jefferson's right hand in a handcuff and began punching Jefferson in the face. *Id.* Because of the position, Jefferson allegedly had difficulty breathing. *Id.* Additionally, Officer Waterman allegedly had a large ring on his hand that he used to punch Jefferson. *Id.*

As this was occurring, Jefferson alleges that Officer Dupress stood there and watched Officer Waterman attack him. *Id.* Thereafter, Officer Waterman allegedly asked Officer Dupress if his bodycam was on during the incident, and Officer Dupress informed him that it was. *Id.* at p. 5-6. Following the incident, Officer Dupress allegedly gave a different narrative of the arrest. *Id.* at p. 6. Specifically, Officer Dupress allegedly stated that he was the one who placed his knee on Jefferson's back and assisted with the arrest. *Id.*

After the incident, Officer Battaglia allegedly stated that he had arrived on the scene and later reviewed the surveillance footage that showed Jefferson and Detective Waterman in a brief struggle. *Id.* Jefferson alleges that Officer Battaglia provided a false report that incorrectly described what occurred. *Id.*

After the incident, Jefferson was allegedly transported to Orleans Parish Central Lock-up; however, Central Lock-up refused to take custody of him because of his condition. *Id.* As such, Jefferson states that he was transported to LSU Hospital in New Orleans, Louisiana. *Id.* at p. 6-7. Jefferson alleges that he suffered a severe head trauma as well as elevated blood pressure. *Id.* at p. 7. He further alleges that he had to stay in the hospital for three or four days until his blood pressure stabilized and that the right temple area of his head is still swollen. *Id.* Thereafter, Jefferson was booked.

Jefferson seeks $100,000 from each defendant for any and all damages to which he may be entitled. *Id.* at p. 8. He also seeks a finding that the officers used excessive force and caused personal injury to him. *Id.* He also seeks to have charges brought against the officers for aggravated assault and battery. *Id.* He also seeks a finding that the officers committed obstruction of justice and conspired to falsify documents and/or destroy evidence as well as malfeasance of office. *Id.*

  **B.** ***Spears*** **Hearing**

On January 23, 2017, a *Spears* Hearing was conducted. Jefferson was sworn in and testified to the following:

Jefferson stated that, while being arrested for attempted simple burglary, Officer Waterman pinned him to the ground, handcuffed his right hand, placed a knee in his back, and punched him in the head, neck, and face. Jefferson stated that he was helpless during this incident. He further states that he was not resisting and, in truth, could not resist given his position.

Jefferson stated that Officer Dupress watched the incident occur. He further stated Officer Dupress was wearing a body camera that recorded the incident. Finally, Jefferson alleged that Officer Dupress filed a false report stating that Jefferson was the aggressor.

Jefferson alleged that Officer Battaglia also filed a false report, stating that he saw a video wherein Jefferson was the aggressor punching the officers.

Jefferson also stated that Central-Lock up would not accept him because of his elevated blood pressure, fearing that he was a risk for a stroke. He alleged that he was then brought to University Medical Center, where he spent four or five days while they worked to stabilize his blood pressure. He stated that he told the doctors that he was struck in the head, but the doctors were not concerned about the injuries to his head.

Jefferson stated that he wrote a complaint to the integrity board about the incident, but has not heard back from them.

In addition to the attempted simple burglary, Jefferson stated that he has also been charged with two counts of simple burglary of the same location where he was arrested. Jefferson stated that he is still awaiting trial and that a trial date has not yet occurred.

When asked why he waited until December 2016 to file his complaint, Jefferson stated that he was unaware that he had to file his complaint within a certain time until another party informed him.

## II.  Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

Jefferson alleges that the events forming the basis of his complaint occurred on or about August 7, 2015, when he was arrested for attempted simple burglary. The § 1983 claims he presents here have prescribed and can be dismissed for that reason.

Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)); *see also Spikes v. Williams*, No. 14-1895, 2015 WL 1906024, at *2-3 (E.D. La. Apr. 20, 2015) (order adopting report and recommendation). In Louisiana, personal injury claims are governed by La. Civ. Code art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.[1] See *Jacobsen*, 133 F.3d at 319 (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)).

For purposes of calculating the limitations period, a § 1983 cause of action, similar to a Louisiana tort claim, accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. *Wallace*, 549 U.S. at 388; *Jacobsen*, 133 F.3d at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  The Supreme Court has held that the limitations period begins to run at the point when "the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citations omitted).

Thus, for purposes of this lawsuit, Jefferson would have had one year from the date of his injury or damage to bring his § 1983 claims against the defendants. Jefferson knew of his injury or damage in August of 2015. Therefore, Jefferson had to have brought his claim by August of 2016.

The Clerk of this Court filed Jefferson's complaint on December 8, 2016 and pauper status was granted on December 13, 2016. R. Doc. 1; R. Doc. 3. In the prisoner context, however, the date prison officials receive the complaint from the prisoner for mailing to the court is the time of filing for limitations purposes.  *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).   Jefferson dated his signature on the complaint on December 2, 2016, which is the earliest date appearing in the record on which he could have given the pleadings to prison officials for mailing to this Court. Therefore, Jefferson's complaint is deemed filed on December 2, 2016, was filed over three months after the limitations period expired in August of 2016.

"In addition to applying the forum state's statute of limitations, federal courts should give effect to any applicable tolling provisions provided by state law." *Spikes*, 2015 WL 1906024 at *3. As the Court in *Spikes* explains:

> The running of prescription under Louisiana law may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal principle of contra non valentem. Under this theory, there are four situations in which the one-year prescriptive period for delictual actions will not run: (1) if there was some legal cause that prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action, (2) if there was some condition coupled with the contract or connected proceeding that prevented the creditor from suing or acting, (3) if the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action, and (4) if the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Thus, the doctrine of contra non valentem recognizes that in limited circumstances prescription should not run if good cause exists as to why plaintiff would have been unable to exercise or was lulled into not exercising a cause of action when it first became exigible.

6

*Id.* (internal quotations and citations omitted).

Here, Jefferson has stated that the he did not timely file his complaint because he did not know that he had one year within which to file his complaint. However, "[m]ere ignorance of one's rights will not toll the statute of limitations." *Martin v. Mud Supply Co.,* 119 So.2d 484, 492 (La. 1960) (on rehearing); *see also Albe v. City of New Orleans*, 150 So. 361, 370 (La. App. 4th Cir. 2014) ("Although ignorance of specific facts giving rise to a legal claim can prevent the running of prescription in certain circumstances, ignorance of the law does not…Indeed, it has long been held that mere ignorance of one's rights will not toll prescription."). As such, merely because Jefferson did not know that he had to file his claim within one year of the incident giving rise to his claims does not toll the prescriptive period.

Moreover, the Court does not see nor has Jefferson identified any other reason that the prescriptive period should be tolled. There is no legal cause that prevented the courts from taking cognizance of or acting on Jefferson's action; there is no condition coupled with the connected proceeding that prevented plaintiff from acting in a timely manner; defendants did nothing to prevent Jefferson from availing himself of his cause of action; and the cause of action was known or reasonably knowable to Jefferson. For this reason, his complaint should be dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Gary Jefferson's § 1983 claims against John Waterman, Anthony Dupress, and Kevin Battaglia be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 31st day of January, 2017.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.